IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, U.S. BANK TRUST NATIONAL ASSOCIATION, ALEXANDER BURNS, HEARTLAND FAMILY GROUP, LLC, and GLENN WEBER, | § § § § § § § § | No. 549, 2018<br><br>Court Below—Court of Chancery of the State of Delaware<br><br>C.A. No. 2017-0034 |
| Defendants Below, Appellants, | § § § | |
| v. | § § | |
| CHARLES DAVID WOOD, JR. and DNIC INSURANCE HOLDINGS, INC., individually and derivatively on behalf of LONESTAR HOLDCO, LLC, | § § § § § § § | |
| Plaintiffs Below, Appellees. | § § | |

Submitted: October 26, 2018
Decided: November 5, 2018

Before **STRINE**, Chief Justice; **VAUGHN** and **TRAYNOR**, Justices.

**O R D E R**

After consideration of the notice of interlocutory appeal, the Court concludes that:

(1) The defendants below-appellants have petitioned this Court under Supreme Court Rule 42 to accept an interlocutory appeal from three Court of Chancery orders, dated September 26, 2018, granting in part and denying in part

their motions to dismiss a complaint asserting direct and derivative claims. The plaintiffs, who held preferred membership interests in Lonestar Holdco, LLC challenged transactions in which two Lonestar subsidiaries, Freestone Insurance Company and Redwood Reinsurance SPC (both now in receivership), allegedly exchanged valuable assets for less valuable assets held by defendant Alexander Burns, who controlled Lonestar, and his affiliates. The Court of Chancery held, among other things, that the complaint validly pled derivative claims at the Lonestar level and double-derivative claims at the Freestone level. The Court of Chancery also held that the complaint stated direct claims for fraudulent conveyance against Burns, Heartland Family Group, LLC, and the U.S. Bank defendants.

(2)     On October 8, 2018, the appellants filed an application for certification to take an interlocutory appeal. They argued that certification was appropriate because no previous Delaware decision has addressed whether double-derivative standing exists when the subsidiary is in receivership and no Delaware decision has held that a parent company has standing to recover for harm to a subsidiary on the ground that the parent's fiduciaries also had oversight responsibilities for the subsidiary. The appellees opposed the application.

(3)     On October 24, 2018, the Court of Chancery denied the application. In denying certification, the Court of Chancery found that the dismissal orders resolved a substantial issue, but that the Supreme Court Rule 42(d)(iii) criteria did not weigh

2

in favor of certification. The Court of Chancery concluded that whether a parent company's investors could assert derivative claims at the parent level for mismanagement of a subsidiary was not a novel question, the receivership did not preclude the plaintiffs from asserting derivative claims on behalf of Freestone, and certification would result in piecemeal litigation because only five defendants sought certification and they did not seek to appeal the ruling on the fraudulent conveyance claim.

(4) We agree that interlocutory review is not warranted in this case. Applications for interlocutory review are addressed to the sound discretion of the Court.[1] In the exercise of its discretion and giving great weight to the trial court's view, this Court has concluded that the application for interlocutory review does not meet the strict standards for certification under Supreme Court Rule 42(b). This case is not exceptional,[2] and the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.[3]

---

[1] Supr. Ct. R. 42(d)(v).
[2] Supr. Ct. R. 42(b)(ii).
[3] Supr. Ct. R. 42(b)(iii).

3

NOW, THEREFORE, IT IS HEREBY ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:

*/s/Gary F. Traynor*
Justice